**FILED**

DEC 1 1 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### '07 MJ 8976

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Mag. Case No. |
| | ) COMPLAINT FOR VIOLATION OF: |
| Plaintiff, | ) |
| | ) Title 8, U.S.C., Section 1324 (a)(1)(A)(iii) |
| v. | ) Harboring Illegal Aliens |
| | ) |
| Mario Raymond FERNANDEZ (1) | ) |
| | ) |
| Ernesto FLORES-Blanco (2) | ) |
| | ) |
| Defendants | |

The undersigned complainant, being duly sworn, states:

On or about December 10, 2007, within the Southern District of California, defendant Mario Raymond FERNANDEZ and Ernesto FLORES-Blanco, knowing and in reckless disregard of the fact that an alien, namely, Alejandro PORTILLO-Mendoza, had come to, entered or remained in the United States in violation of law, did conceal, harbor or shield or attempt to conceal, harbor or shield from detection such alien in any place, including any building in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

_____
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 11th DAY OF DECEMBER  2007.

_____
Peter C. Lewis
United States Magistrate Judge

UNITED STATES OF AMERICA
                    v.
Mario Raymond FERNANDEZ (1)
Ernesto FLORES-Blanco (2)

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending officer, Border Patrol Agent S. Carter. On December 10, 2007, Mario Raymond FERNANDEZ and Ernesto FLORES-Blanco, Citizens of the United States, were apprehended in Calexico, California, as they attempted to harbor, conceal, and shielded from detection one (1) illegal alien in violation of law.

On December 10, 2007, at approximately 8:00 p.m. Agents S. Sedano and Carter observed a male, later identified as Mario Raymond FERNANDEZ, in the area of Encinas Avenue and Renaud Court in Calexico, CA. This area is notoriously know for its illegal smuggling activities. Agents soon observed another male in the area, later identified as Ernesto FLORES-Blanco. Agents Sedano and Carter immediately recognized these individuals as persons who have been previously arrested for alien smuggling on numerous occasions.

The agents observed FERNANDEZ and FLORES talking together and then walk north on Encinas Avenue together. Both FERNANDEZ and FLORES were observed entering the backyard of 806 Second Street, Calexico, later identified as FLORES' residence.

The agents continued to observe the actions of FERNANDEZ and FLORES. It was noted by the agents there was no one else seen on foot in this area. FERNANDEZ was observed walking south on Encinas Avenue several times where he would go and hide on the side of 739 First Street, Calexico. FERNANDEZ was seen communicating on a cellular phone numerous times. FLORES was observed relocating to the white apartments thorough the alley.

Agent Carter observed a suspected illegal alien smuggler south of FERNANDEZ's position on the south side of the International Boundary Fence in Mexico. Agent Carter saw the suspected smuggler was in direct line of sight with FERNANDEZ. Agent Carter observed FERNANDEZ motion with his hands for the suspected alien smuggler to move to the east

1    toward the white apartments. The suspected alien smuggler relocated his position to the east as

2    directed. Agent Carter heard FERNANDEZ say, "We're ready, now, now".

3        Agent Sedano observed FLORES walk to the middle of the white apartments and crouch

4    down. FLORES was then seen talking on a cellular phone. Agent Sedano soon saw the

5    suspected alien smuggler and a suspected illegal alien on the south side of the International

6    Boundary Fence. Agent Sedano observed FLORES motioning with his hands and yell "I'm here"

7    towards the suspected alien. FLORES saw Agent Sedano and left the area.

8        The Calexico Border Patrol Stations Remote Video Surveillance System (RVSS)

9    Operator reported an illegal entrant climbing over the International Boundary Fence south of the

10    white apartments.

11        Agent R. Alfaro responded to the call from the RVSS Operator and encountered the

12    individual. Agent Alfaro identified himself and questioned the individual, later identified as

13    Alejandro PORTILLO-Mendoza. It was determined PORTILLO is a native and citizen of

14    Mexico illegally in the United States. PORTILLO was arrested.

15        Agent Sedano made contact with FLORES on Second Street and Dool Avenue, Calexico.

16    Agent Torres contacted FERNANDEZ on Encinas Avenue south of Second Street.

17    FERNANDEZ and FLORES were arrested for their parts in the smuggling scheme.

18        FLORES was read his rights per Miranda. FLORES stated he understood his rights and

19    was willing to answer questions without the presence of an attorney. FLORES stated he went to

20    the white apartments to meet a friend named "Richard". FLORES stated after leaving the

21    apartments he went to his house and had something to eat. FLORES stated the only person who

22    went into his backyard was a friend named "Borrego".

23        FENANDEZ was read his rights per Miranda. FERNANDEZ stated he understood his

24    rights and he was willing to answer questions without the presence of an attorney.

25    FERNANDEZ stated he went to 739 First Street to visit his brother. FERNANDEZ stated he

26    did not make any cellular phone calls and does not have one. FERNANDEZ was shown a six

27    pack photo line up and positively identified photo number 1, FLORES, as someone he knows

28    who lives in Calexico. FERNANDEZ stated he did not go into any back yard to talk to this

29    person.

Material Witness Alejandro PORTILLO-Mendoza stated arrangements were made with a smuggler to pay $1,500.00 to be smuggled illegally into the United States. PORTILLO stated the smuggler he was with south of the International Boundary Fence pointed to a man hiding between some houses on the north side of the fence. PORTILLO stated the person signaled to him by waving his hand. PORTILLO stated the smuggler he was with told him after crossing the border fence to go to the man. PORTILLO stated after crossing the border fence he went to meet the man but he was gone.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Alejandro PORTILLO-Mendoza | Mexico |

Further, complainant states that Alejandro PORTILLO-Mendoza is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.