1  KAREN P. HEWITT
   United States Attorney
2  DAVID D. LESHNER
   Assistant U.S. Attorney
3  California State Bar No. 207815
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7163
   David.Leshner@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                 UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )  Criminal Case No. 07-CR-3405-W
                                     )
11                 Plaintiff,        )  DATE:    February 11, 2008
                                     )  TIME:    2:00 p.m.
12         v.                        )
                                     )
13  MARIO RAYMOND FERNANDEZ (1),     )  **UNITED STATES' NOTICE OF MOTION
                                     )  AND MOTION FOR RECIPROCAL**
14  ERNESTO FLORES-BLANCO (2),       )  **DISCOVERY**
                                     )
15                 Defendants.       )
                                     )
16  _____ )

17         COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and

19  hereby files its Motion for Reciprocal Discovery in the above-referenced case. Said motion is based

20  upon the files and records of this case together with the attached memorandum of points and authorities.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I**

3    **STATEMENT OF THE CASE**

4    On December 20, 2007, defendants Mario Raymond Fernandez and Ernesto Flores-Blanco were

5    arraigned on a one-count Indictment charging them with inducing and encouraging illegal aliens to enter

6    the United States and aiding and abetting, in violation of Title 8, United States Code, Sections

7    1324(a)(1)(A)(iv) and (v)(II).  Defendants entered pleas of not guilty.

8    **II**

9    **STATEMENT OF FACTS**

10    **A.    Defendants' Apprehension**

11    On the evening of December 9, 2007, Calexico Border Patrol Station's Smuggler Targeting

12    Action Team ("STAT") was conducting surveillance near Encinas Avenue and First Street in Calexico,

13    California.  This area is approximately one-half mile east of the Calexico West Port of Entry and is

14    immediately north of the International Boundary Fence which runs parallel to First Street.  The area is

15    notorious for alien smuggling coordinated on both sides of the border as illegal aliens scale the border

16    fence assisted by smugglers in Mexico and then hide in nearby residences throughout the surrounding

17    neighborhood assisted by smugglers in the United States.

18    At approximately 10:00 p.m. on December 9, plainclothes STAT agents observed defendants

19    Fernandez and Flores walking together in the area of Encinas Avenue and Renaud Court.  Agents

20    recognized Fernandez and Flores as persons arrested for alien smuggling on multiple, prior occasions.

21    Fernandez and Flores walked north on Encinas Avenue and entered the backyard of 806 Second Street.

22    For the next several hours, agents observed Fernandez repeatedly exit the backyard, walk toward First

23    Street, hide next to a house at 739 First Street and look across the street toward the border fence while

24    talking on a cell phone.  After each such excursion, Fernandez returned to the backyard of 806 Second

25    Street.

26    At approximately 12:40 a.m., Fernandez and Flores exited the 806 Second Street backyard.

27    Fernandez walked south on Encinas Avenue, and Flores proceeded eastbound through an alley toward

28    a nearby apartment building known as the "White Apartments."   Agents maintained surveillance of

07CR3405-W

1  Fernandez as he returned to his location next to 739 First Street.  Fernandez was talking on a cellular

2  phone, and a STAT team agent observed a suspected alien smuggler standing on the south side of the

3  border fence in Fernandez' line of sight and talking on a cellular phone.  Fernandez motioned with his

4  hand for the smuggler to move to the east toward the White Apartments.  The smuggler did so, and

5  Fernandez said "We're ready, now, now."  Fernandez then walked quickly northbound on Encinas

6  Avenue.

7        At the same time, another STAT agent observed Flores walk into the midst of the White

8  Apartments, crouch down with a visual of the border fence and talk on a cellular phone.  A suspected

9  smuggler and one other individual were on the south side of the border fence opposite Flores and in his

10  line of sight.  Flores motioned with his hands toward the individuals and said "I'm here."  Flores then

11  noticed the STAT agent and became startled.  Flores immediately walked through apartments to First

12  Street and left the scene.

13        Meanwhile, a Remote Video Surveillance System operator notified agents that a suspected

14  illegal alien was climbing the border fence south of the White Apartments.  Agents responded and

15  observed the suspected illegal alien run north from the fence and hide at the side of the White

16  Apartments.  Agents approached the individual who identified himself as Alejandro Portillo-Mendoza.

17  In response to agents' questioning, Portillo-Mendoza stated he was a citizen of Mexico without

18  documents allowing him to enter or remain in the United States.

19        Upon confirming that Portillo-Mendoza was an illegal alien, agents arrested Fernandez and

20  Flores.

21  **B.    Defendants' Post-Arrest Statements**

22        Fernandez and Flores each received Miranda warnings and each agreed to make a statement.

23        According to Fernandez, he had gone to the residence at 739 First Street to visit his brother and

24  then had gone to the White Apartments to visit a friend.  Fernandez denied making any cellular

25  telephone calls that evening and stated that he had not been in a backyard and had not hidden next to

26  the 739 First Street residence.  He denied participating in alien smuggling.

27        Flores likewise denied involvement in alien smuggling.  He said he had gone to the White

28  Apartments to visit a friend and then went to his house to have something to eat.  Flores also maintained

1  that he had been in his backyard with a friend named "Borrego" and that he had gone to another friend's

2  house three or four times that night.

3  **C.    Material Witness' Statements**

4  The material witness, Alejandro Portillo-Mendoza, informed agents that he had traveled to

5  Mexicali, Mexico with the intention of entering the United States.  A friend had made arrangements for

6  him to be smuggled into the United States for a $1500 smuggling fee.

7  On December 9, a smuggler took Portillo-Mendoza to the border fence.  The smuggler pointed

8  to a person hiding on the north side of the fence between some houses, and Portillo-Mendoza observed

9  the person signal by waving his hand.  The smuggler told Portillo-Mendoza to climb over the fence and

10  run to the person on the north side who would help him hide.

11  Portillo-Mendoza climbed the fence and ran to the location where the person had been hiding,

12  but no one was there.  He hid on his own, and agents apprehended him shortly thereafter.  Portillo-

13  Mendoza was unable to identify either Fernandez or Flores from photo lineups.

14  **III**

15  **MOTION FOR RECIPROCAL DISCOVERY**

16  The Government has and will continue to fully comply with its discovery obligations. To

17  date, the Government has provided defendants with 94 pages of discovery, including

18  reports of their arrests and rap sheets, as well as DVDs.

19  The Government moves the Court to order defendants to provide all reciprocal discovery to

20  which the Government is entitled under Federal Rules of Criminal Procedure 16(b) and 26.2.

21  Specifically, Rule 16(b)(1) requires each defendant to disclose to the Government all exhibits,

22  documents and reports of testing or examination which he intends to use in his case-in-chief at trial and

23  a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant

24  intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

25  / / /

26  / / /

27  / / /

28  / / /

1

**IV**

2

<u>**CONCLUSION**</u>

3

For the foregoing reasons, the Government respectfully requests that the Court grant its motion.

4

5    DATED: January 16, 2008.                    Respectfully submitted,

6                                                Karen P. Hewitt
                                                 United States Attorney

7
                                                 <u>s/ David D. Leshner</u>
8                                                DAVID D. LESHNER
                                                 Assistant U.S. Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR3405-W

1                            UNITED STATES DISTRICT COURT

2                       SOUTHERN DISTRICT OF CALIFORNIA

3  UNITED STATES OF AMERICA,       )      Case No. 07-CR-3405-W
                                  )

4          Plaintiff,        )
                                  )

5          v.           )
                                  )      CERTIFICATE OF SERVICE

6  MARIO RAYMOND FERNANDEZ (1),  )
                                  )

7  ERNESTO FLORES-BLANCO (2),    )
                                  )

8         Defendants.       )
   _____)

9

IT IS HEREBY CERTIFIED THAT:

10

       I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age.

11

My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12

       I am not a party to the above-entitled action.  I have caused service of **UNITED STATES'**

13

**NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following

14

parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System,

15

which electronically notifies them.

16

       Linda Lopez, Esq.

17

       Sylvia Baiz, Esq.

18

19

       I declare under penalty of perjury that the foregoing is true and correct.

20

       Executed on January 16, 2008.

21

22

               /s/ David D. Leshner

23                 DAVID D. LESHNER

24

25

26

27

28

                                         07CR3405-W