**CANDIS MITCHELL**
California State Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Candis_Mitchell@fd.org

Attorneys for Mr. Mario Raymond Fernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> **MARIO RAYMOND FERNANDEZ,**  ) <br> ) <br> Defendant.  ) <br> ) | Case No. 07cr3405-W <br><br> DATE: February 11, 2008 <br> TIME: 2:00 p.m. <br><br><br> STATEMENT OF FACTS AND <br> MEMORANDUM OF POINTS AND <br> <u>AUTHORITIES IN SUPPORT OF MOTIONS</u> |

**I.**

**<u>BACKGROUND</u>**[1]

It is alleged by the government that on December 10, 2007, at approximately 8:00 p.m. two Border Patrol agents observed Mr. Fernandez and Mr. Flores-Blanco walking and talking together close to the international border fence in Calexico, CA. The agents watched as Mr. Fernandez talked on a phone and Mr. Flores-Blanco went into apartments. The agents believed they saw Mr. Fernandez communicate with a suspected alien smuggler on the other side of the international border and then they witnessed as an

---

[1] Unless otherwise stated, the "facts" referenced in these papers come from Government-produced discovery that the defense continues to investigate. Mr. Fernandez does not admit the accuracy of this information and reserves the right to challenge it at any time.

1    individual climbed the international border fence to an area close to where Mr. Fernandez and Mr. Flores-
2    Blanco previously had been.

3    Mr. Fernandez was read his <u>Miranda</u> rights which he subsequently waived and denied being involved
4    in inducing the alleged alien to enter the country..

5    On December 19, 2007, the Government indicted Mr. Fernandez for violating
6    8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II).

7    This motion follows.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Fernandez moves for the production by the Government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of *any Government agency*. See generally <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995); <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>. The Government must disclose to the defendant *all* copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings that may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal *all* the defendant's statements, whether oral or written, regardless of whether the Government intends to make any use of those statements. Additionally, the Government must "disclose *any written record* which contains *reference to* a relevant oral statement by the defendant which was in response to interrogation, without regard to whether the prosecution intends to use the statement at trial." Fed. R. Crim. P. 16 advisory committee notes (1991 Amendment) (emphasis added).

    (2) <u>Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings</u>. The defendant also specifically requests that all arrest reports, notes, and dispatch or any other audio/video recordings that relate to the circumstances surrounding arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, **in field communication between officers**, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir.), <u>cert. denied</u>, 393 U.S. 869 (1968); <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975), <u>cert. denied</u>, 424 U.S. 920 (1976); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967).

    Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, audio/video recordings, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I). **Preservation of rough notes is specifically requested, whether or not the Government deems them discoverable at this time**.

    Mr. Fernandez specifically requests a copy of the audiotape of *any* deportation hearing, as well as a transcript of any such proceeding. Mr. Fernandez also requests a copy of his alien file ("A-file").

    (3) <u>Brady Material</u>. Mr. Fernandez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or that affects the credibility of the Government's case. Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

    (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

    (5) <u>The Defendant's Prior Record</u>. Evidence of prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record. Mr. Fernandez requests

1  all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and
2  information pertaining to any prior arrests and convictions.

3        (6) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R.
4  Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon
5  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
6  general nature . . ." of any evidence the Government proposes to introduce under Fed. R. Evid. 404(b) at
7  trial.  Sufficient notice requires the Government to "articulate <u>precisely</u> the evidential hypothesis by which
8  a fact of consequence may be inferred from the other acts evidence."  <u>United States v. Mehrmanesh</u>, 689
9  F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>,
10 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

11  This includes any "TECS" records (records of prior border crossings) that the Government intends
12 to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal.  <u>United States v. Vega</u>, 188 F.3d
13 1150, 1154-55 (9th Cir. 1999).  Although there is nothing intrinsically improper about prior border
14 crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the Government must
15 produce before trial.  <u>United States v. Vega</u>, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

16 **The defendant requests that such notice be given three weeks before trial to give the defense**
17 **time to adequately investigate and prepare for trial**.

18        (7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant,
19 is discoverable under Fed. R. Crim. P. 16(a)(1)(c), and Mr. Fernandez requests it.

20        (8) <u>Tangible Objects</u>.  Mr. Fernandez requests, under Fed. R. Crim. P. 16(a)(1)(c), the opportunity
21 to inspect and copy as well as test, if necessary, all other documents and tangible portions objects, including
22 photographs, books, papers, documents, photographs of buildings or places or copies of thereof which are
23 material to the defense or intended for use in the Government's case-in-chief or were obtained from or
24 belong to the defendant.

25 **Specifically, Mr. Fernandez requests color copies of all photographs of the individuals and line-**
26 **up involved in this case in the Government's possession**.

27        (9) <u>Evidence of Bias or Motive to Lie</u>.  Mr. Fernandez requests any evidence that any prospective
28 Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort her

or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(10) <u>Impeachment Evidence</u>. Mr. Fernandez requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility). **Specifically, Mr. Fernandez requests disclosure of the material witness's A-file and any information relating to their criminal and immigration history**. All of this is relevant impeachment information.

(11) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Fernandez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Mr. Fernandez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(13) <u>Witness Addresses</u>. Mr. Fernandez requests the name and last known address of each prospective Government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(14) <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Fernandez requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d

1   288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d
2   1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979),
3   cert. denied, 444 U.S. 1086 (1980).

(15) Statements Relevant to the Defense. Mr. Fernandez requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This would include Grand Jury transcripts, which will be relevant to Mr. Fernandez's motions to dismiss the indictment.

(16) Jencks Act Material. Mr. Fernandez requests all material to which Mr. Fernandez is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).

(17) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Fernandez requests all statements and/or promises, expressed or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(18) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Fernandez requests the reports of all tests and examinations conducted upon the evidence in this case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

(19) Henthorn Material. Mr. Fernandez requests that the prosecutor review the personnel files of the officers involved in his arrests, and those who will testify, and produce to his any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). In addition, she requests that if the Government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

(20) <u>Informants and Cooperating Witnesses</u>.  Mr. Fernandez requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case.  The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957).  Mr. Fernandez also requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(21) <u>Expert Witnesses</u>.  Mr. Fernandez requests disclosure of the identities of any expert witnesses the Government intends to call at trial as well as "a written summary of testimony that the Government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications."  Fed. R. Crim. P. 16(a)(1)(E).

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Mr. Fernandez requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him.  <u>See Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

(23) <u>Training of Relevant Law Enforcement Officers</u>.  Mr. Fernandez requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Homeland Security, etc.) to their employees regarding the handling of vehicles suspected to be transporting contraband or aliens that requires a Controlled Tire Deflation Device (CTDD) to be used.

(24) <u>Names and Contact Information for All Agents in the Field at the Time of the Arrest</u>.  Mr. Fernandez requests the name and contact information for each of the agents in the field at the time of the arrest.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The defendant also requests the name and contact information of every agent to the crime or crimes charged (or any of the overt

acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(25) <u>Video recordings</u>. Mr. Fernandez requests any and all video recordings made of the events that transpired on January 13, 2007, including and not limited to, recordings made by the Remote Video Surveillance System (RVS) Operators at the Calexico, California, Border Patrol Station; recordings made by officers following the 1988 Ford Bronco in their Border Patrol vehicles; and recordings made by Customs and Border Protection (CBP) Air Interdiction Agents in the CBP Air Operations Unit. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

(26) <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

(27) <u>Performance Goals and Policy Awards</u>. Defendant requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics and/or people in general.

(28) <u>TECS Reports</u>. Defendant requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Mr. Fernandez.

(29) <u>Residual Request</u>. Mr. Fernandez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Fernandez

requests that the Government provide his and his attorney with the above requested material sufficiently in advance of trial.

### III.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel has received **92 pages** of discovery in this case and was recently appointed. She has not yet had the opportunity to complete important aspects of the investigation. As information comes to light, due to the Government providing additional discovery in response to these motions or an order of this Court, Mr. Fernandez will almost certainly find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Fernandez respectfully requests that the Court grant the above motions.

Respectfully submitted,

*s/ Candis Mitchell*
Dated: February 6, 2008    **CANDIS MITCHELL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fernandez
Candis_Mitchell@fd.org