1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES' EXHIBIT**

Supplemental redacted transcript of Hon. Larry A. Burns's instructions to the January 2007 Grand Jury

15

1

2

3

4

5

6

7

8

9

10          PROSPECTIVE JUROR:  MY NAME IS ███████████.

11   I LIVE IN SAN DIEGO IN THE MISSION HILLS AREA.  I'M RETIRED.

12   I WAS A CLINICAL SOCIAL WORKER.  I'M SINGLE.  NO CHILDREN.

13   I'VE BEEN CALLED FOR JURY SERVICE A NUMBER OF TIMES, BUT I'VE

14   NEVER ACTUALLY BEEN SELECTED AS A JUROR.  CAN I BE FAIR?  I'LL

15   TRY.  BECAUSE OF THE NATURE OF THE WORK THAT I DID, I HAVE

16   SOME FAIRLY STRONG OPINIONS ABOUT SOME OF THE PEOPLE WHO COME

17   INTO THE LEGAL SYSTEM.  BUT I WOULD TRY TO WORK WITH THAT.

18          THE COURT:  WE'RE ALL PRODUCTS OF OUR EXPERIENCE.

19   WE'RE NOT GOING TO TRY TO DISABUSE YOU OF EXPERIENCES OR

20   JUDGMENTS THAT YOU HAVE.  WHAT WE ASK IS THAT YOU NOT ALLOW

21   THOSE TO CONTROL INVARIABLY THE OUTCOME OF THE CASES COMING IN

22   FRONT OF YOU; THAT YOU LOOK AT THE CASES FRESH, YOU EVALUATE

23   THE CIRCUMSTANCES, LISTEN TO THE WITNESS TESTIMONY, AND THEN

24   MAKE AN INDEPENDENT JUDGMENT.

25          DO YOU THINK YOU CAN DO THAT?

COMPUTER-AIDED TRANSCRIPTION

16

1    PROSPECTIVE JUROR:  I'LL DO MY BEST.

2    THE COURT:  IS THERE A CERTAIN CATEGORY OF CASE THAT

3    YOU THINK MIGHT BE TROUBLESOME FOR YOU TO SIT ON THAT YOU'D BE

4    INSTINCTIVELY TILTING ONE WAY IN FAVOR OF INDICTMENT OR THE

5    OTHER WAY AGAINST INDICTING JUST BECAUSE OF THE NATURE OF THE

6    CASE?

7    PROSPECTIVE JUROR:  WELL, I HAVE SOME FAIRLY STRONG

8    FEELINGS REGARDING DRUG CASES.  I DO NOT BELIEVE THAT ANY

9    DRUGS SHOULD BE CONSIDERED ILLEGAL, AND I THINK WE'RE SPENDING

10   A LOT OF TIME AND ENERGY PERSECUTING AND PROSECUTING CASES

11   WHERE RESOURCES SHOULD BE DIRECTED IN OTHER AREAS.

12   I ALSO HAVE STRONG FEELINGS ABOUT IMMIGRATION CASES.

13   AGAIN, I THINK WE'RE SPENDING A LOT OF TIME PERSECUTING PEOPLE

14   THAT WE SHOULD NOT BE.

15   THE COURT:  WELL, LET ME TELL YOU, YOU'VE HIT ON THE

16   TWO TYPES OF CASES THAT ARE REALLY KIND OF THE STAPLE OF THE

17   WORK WE DO HERE IN THE SOUTHERN DISTRICT OF CALIFORNIA.  AS I

18   MENTIONED IN MY INITIAL REMARKS, OUR PROXIMITY TO THE BORDER

19   KIND OF MAKES US A FUNNEL FOR BOTH DRUG CASES AND IMMIGRATION

20   CASES.  YOU'RE GOING TO BE HEARING THOSE CASES I CAN TELL YOU

21   FOR SURE.  JUST AS DAY FOLLOWS NIGHT, YOU'RE HEAR CASES LIKE

22   THAT.

23   NOW, THE QUESTION IS CAN YOU FAIRLY EVALUATE THOSE

24   CASES?  JUST AS THE DEFENDANT ULTIMATELY IS ENTITLED TO A FAIR

25   TRIAL AND THE PERSON THAT'S ACCUSED IS ENTITLED TO A FAIR

17

1    APPRAISAL OF THE EVIDENCE OF THE CASE THAT'S IN FRONT OF YOU,

2    SO, TOO, IS THE UNITED STATES ENTITLED TO A FAIR JUDGMENT.  IF

3    THERE'S PROBABLE CAUSE, THEN THE CASE SHOULD GO FORWARD.  I

4    WOULDN'T WANT YOU TO SAY, "WELL, YEAH, THERE'S PROBABLE CAUSE.

5    BUT I STILL DON'T LIKE WHAT OUR GOVERNMENT IS DOING.  I

6    DISAGREE WITH THESE LAWS, SO I'M NOT GOING TO VOTE FOR IT TO

7    GO FORWARD."  IF THAT'S YOUR FRAME OF MIND, THEN PROBABLY YOU

8    SHOULDN'T SERVE.  ONLY YOU CAN TELL ME THAT.

9              PROSPECTIVE JUROR:  WELL, I THINK I MAY FALL IN THAT

10   CATEGORY.

11             THE COURT:  IN THE LATTER CATEGORY?

12             PROSPECTIVE JUROR:  YES.

13             THE COURT:  WHERE IT WOULD BE DIFFICULT FOR YOU TO

14   SUPPORT A CHARGE EVEN IF YOU THOUGHT THE EVIDENCE WARRANTED

15   IT?

16             PROSPECTIVE JUROR:  YES.

17             THE COURT:  I'M GOING TO EXCUSE YOU, THEN.  I

18   APPRECIATE YOUR HONEST ANSWERS.

19

20

21

22

23

24

25

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14          PROSPECTIVE JUROR:  MAY NAME IS ▬▬▬▬▬.   I

15  LIVE IN SAN DIEGO.  I'M A REAL ESTATE AGENT.  NOT MARRIED.  NO

16  KIDS.  HAVE NOT SERVED.  AND AS FAR AS BEING FAIR, IT KIND OF

17  DEPENDS UPON WHAT THE CASE IS ABOUT BECAUSE THERE IS A

18  DISPARITY BETWEEN STATE AND FEDERAL LAW.

19          THE COURT:  IN WHAT REGARD?

20          PROSPECTIVE JUROR:  SPECIFICALLY, MEDICAL

21  MARIJUANA.

22          THE COURT:  WELL, THOSE THINGS -- THE CONSEQUENCES

23  OF YOUR DETERMINATION SHOULDN'T CONCERN YOU IN THE SENSE THAT

24  PENALTIES OR PUNISHMENT, THINGS LIKE THAT -- WE TELL TRIAL

25  JURORS, OF COURSE, THAT THEY CANNOT CONSIDER THE PUNISHMENT OR

25

1    THE CONSEQUENCE THAT CONGRESS HAS SET FOR THESE THINGS.  WE'D

2    ASK YOU TO ALSO ABIDE BY THAT.  WE WANT YOU TO MAKE A

3    BUSINESS-LIKE DECISION AND LOOK AT THE FACTS AND MAKE A

4    DETERMINATION OF WHETHER THERE WAS A PROBABLE CAUSE.

5         COULD YOU DO THAT?  COULD YOU PUT ASIDE STRONG

6    PERSONAL FEELINGS YOU MAY HAVE?

7         PROSPECTIVE JUROR:  IT DEPENDS.  I HAVE A VERY

8    STRONG OPINION ON IT.  WE LIVE IN THE STATE OF CALIFORNIA, NOT

9    FEDERAL CALIFORNIA.  THAT'S HOW I FEEL ABOUT IT VERY STRONGLY.

10        THE COURT:  WELL, I DON'T KNOW HOW OFTEN MEDICAL

11   MARIJUANA USE CASES COME UP HERE.  I DON'T HAVE A GOOD FEEL

12   FOR THAT.  MY INSTINCT IS THEY PROBABLY DON'T ARISE VERY

13   OFTEN.  BUT I SUPPOSE ONE OF THE SOLUTIONS WOULD BE IN A CASE

14   IMPLICATING MEDICAL USE OF MARIJUANA, YOU COULD RECUSE

15   YOURSELF FROM THAT CASE.

16        ARE YOU WILLING TO DO THAT?

17        PROSPECTIVE JUROR:  SURE.

18        THE COURT:  ALL OTHER CATEGORIES OF CASES YOU COULD

19   GIVE A FAIR, CONSCIENTIOUS JUDGMENT ON?

20        PROSPECTIVE JUROR:  FOR THE MOST PART, BUT I ALSO

21   FEEL THAT DRUGS SHOULD BE LEGAL.

22        THE COURT:  OUR LAWS ARE DIFFERENT FROM THAT.  AND

23   AS YOU HEARD ME EXPLAIN TO ███████████, A LOT OF THE CASES

24   THAT COME THROUGH IN OUR COURT ARE DRUG CASES.  YOU'LL BE

25   CALLED UPON TO EVALUATE THOSE CASES OBJECTIVELY AND THEN MAKE

COMPUTER-AIDED TRANSCRIPTION

1  THE TWO DETERMINATIONS THAT I STARTED OFF EXPLAINING TO

2  ▓▓▓▓▓▓▓:  "DO I HAVE A REASONABLE BELIEF THAT A CRIME WAS

3  COMMITTED?  WHETHER I AGREE WITH WHETHER IT OUGHT TO BE A

4  CRIME OR NOT, DO I BELIEVE THAT A CRIME WAS COMMITTED AND THAT

5  THE PERSON THAT THE GOVERNMENT IS ASKING ME TO INDICT WAS

6  SOMEHOW INVOLVED IN THIS CRIME, EITHER COMMITTED IT OR HELPED

7  WITH IT?"

8          COULD YOU DO THAT IF YOU SIT AS A GRAND JUROR?

9          PROSPECTIVE JUROR:  THE LAST JURY I WAS ASKED TO SIT

10 ON, I GOT EXCUSED BECAUSE OF THAT REASON.

11         THE COURT:  YOU SAID YOU COULDN'T DO IT?  YOUR

12 SENTIMENTS ARE SO STRONG THAT THEY WOULD IMPAIR YOUR

13 OBJECTIVITY ABOUT DRUG CASES?

14         PROSPECTIVE JUROR:  I THINK RAPISTS AND MURDERERS

15 OUGHT TO GO TO JAIL, NOT PEOPLE USING DRUGS.

16         THE COURT:  I THINK RAPISTS AND MURDERERS OUGHT TO

17 GO TO JAIL, TOO.  IT'S NOT FOR ME AS A JUDGE TO SAY WHAT THE

18 LAW IS.  WE ELECT LEGISLATORS TO DO THAT.  WE'RE SORT OF AT

19 THE END OF THE PIPE ON THAT.  WE'RE CHARGED WITH ENFORCING THE

20 LAWS THAT CONGRESS GIVES US.

21         I CAN TELL YOU SOMETIMES I DON'T AGREE WITH SOME OF

22 THE LEGAL DECISIONS THAT ARE INDICATED THAT I HAVE TO MAKE.

23 BUT MY ALTERNATIVE IS TO VOTE FOR SOMEONE DIFFERENT, VOTE FOR

24 SOMEONE THAT SUPPORTS THE POLICIES I SUPPORT AND GET THE LAW

25 CHANGED.  IT'S NOT FOR ME TO SAY, "WELL, I DON'T LIKE IT.  SO

1  I'M NOT GOING TO FOLLOW IT HERE."

2        YOU'D HAVE A SIMILAR OBLIGATION AS A GRAND JUROR

3  EVEN THOUGH YOU MIGHT HAVE TO GRIT YOUR TEETH ON SOME CASES.

4  PHILOSOPHICALLY, IF YOU WERE A MEMBER OF CONGRESS, YOU'D VOTE

5  AGAINST, FOR EXAMPLE, CRIMINALIZING MARIJUANA.  I DON'T KNOW

6  IF THAT'S IT, BUT YOU'D VOTE AGAINST CRIMINALIZING SOME DRUGS.

7        THAT'S NOT WHAT YOUR PREROGATIVE IS HERE.  YOUR

8  PREROGATIVE INSTEAD IS TO ACT LIKE A JUDGE AND TO SAY, "ALL

9  RIGHT.  THIS IS WHAT I'VE GOT TO DEAL WITH OBJECTIVELY.  DOES

10 IT SEEM TO ME THAT A CRIME WAS COMMITTED?  YES.  DOES IT SEEM

11 TO ME THAT THIS PERSON'S INVOLVED?  IT DOES."  AND THEN YOUR

12 OBLIGATION, IF YOU FIND THOSE THINGS TO BE TRUE, WOULD BE TO

13 VOTE IN FAVOR OF THE CASE GOING FORWARD.

14        I CAN UNDERSTAND IF YOU TELL ME "LOOK, I GET ALL

15 THAT, BUT I JUST CAN'T DO IT OR I WOULDN'T DO IT."  I DON'T

16 KNOW WHAT YOUR FRAME OF MIND IS.  YOU HAVE TO TELL ME ABOUT

17 THAT.

18        PROSPECTIVE JUROR:  I'M NOT COMFORTABLE WITH IT.

19        THE COURT:  DO YOU THINK YOU'D BE INCLINED TO LET

20 PEOPLE GO ON DRUG CASES EVEN THOUGH YOU WERE CONVINCED THERE

21 WAS PROBABLE CAUSE THEY COMMITTED A DRUG OFFENSE?

22        PROSPECTIVE JUROR:  IT WOULD DEPEND UPON THE CASE.

23        THE COURT:  IS THERE A CHANCE THAT YOU WOULD DO

24 THAT?

25        PROSPECTIVE JUROR:  YES.

COMPUTER-AIDED TRANSCRIPTION

28

1        THE COURT:  I APPRECIATE YOUR ANSWERS.  I'LL EXCUSE

2    YOU AT THIS TIME.

38

```
 1
 2
 3
 4
 5
 6
 7
 8
 9          PROSPECTIVE JUROR:  I'M ▬▬▬▬▬.  I LIVE IN
10   ENCINITAS.  I WORK FOR AN INSURANCE COMPANY HERE IN SAN DIEGO.
11   I'M MARRIED.  MY WIFE IS A P.E. TEACHER AT A MIDDLE SCHOOL.  I
12   HAVE TWO KIDS AGE 14 AND 16.  I'VE BEEN A JUROR BEFORE
13   PROBABLY TEN YEARS AGO ON KIND OF A LOW-LEVEL CRIMINAL CASE.
14   AND IN THE NAME OF FULL DISCLOSURE, I'D PROBABLY SUGGEST I'D
15   BE THE FLIPSIDE OF SOME OF THE INDIVIDUALS WHO HAVE CONVEYED
16   THEIR CONCERNS PREVIOUSLY.  I HAVE A STRONG BIAS FOR THE U.S.
17   ATTORNEY, WHATEVER CASES THEY MIGHT BRING.  I DON'T THINK
18   THEY'RE HERE TO WASTE OUR TIME, THE COURT'S TIME, THEIR OWN
19   TIME.  I APPRECIATE THE EVIDENTIARY STANDARDS, I GUESS, MORE
20   OR LESS, AS A LAYPERSON WOULD; THAT THEY ARE CALLED UPON IN
21   ORDER TO BRING THESE CASES OR SEEK AN INDICTMENT.
22          AND THE GATEKEEPER ROLE THAT I GUESS WE'RE BEING
23   ASKED TO PLAY IS ONE THAT I'D HAVE A DIFFICULT TIME, IN ALL
24   HONESTY.  I'M PROBABLY SUGGESTING THAT THE U.S. ATTORNEY'S
25   CASE WOULD BE ONE THAT I WOULD BE WILLING TO STAND IN FRONT
```

1    OF; IN OTHER WORDS, PREVENT FROM GOING TO A JURY.

2          THE COURT:  IT SOMETIMES HAPPENS THAT AT THE TIME

3    THE CASE IS INITIALLY PRESENTED TO THE U.S. ATTORNEY'S OFFICE,

4    THINGS APPEAR DIFFERENTLY THAN 10 DAYS LATER, 20 DAYS LATER

5    WHEN IT'S PRESENTED TO A GRAND JURY.  THAT'S WHY THIS

6    GATEKEEPER ROLE IS VERY, VERY IMPORTANT.

7          YOU'RE NOT PART OF THE PROSECUTING ARM.  YOU'RE

8    INTENDED TO BE A BUFFER INDEPENDENT OF THE U.S. ATTORNEY'S

9    OFFICE.  AND THE REAL ROLE OF THE GRAND JURY IS TO MAKE SURE

10   THAT UNSUBSTANTIATED CHARGES DON'T GO FORWARD.

11         YOU'VE HEARD MY GENERAL COMMENTS.  YOU HAVE AN

12   APPRECIATION ABOUT HOW AN UNSUBSTANTIATED CHARGE COULD CAUSE

13   PROBLEMS FOR SOMEONE EVEN IF THEY'RE ULTIMATELY ACQUITTED.

14         YOU APPRECIATE THAT; RIGHT?

15         PROSPECTIVE JUROR:  I THINK I COULD APPRECIATE THAT,

16   YES.

17         THE COURT:  AND SO WE'RE -- LOOK, I'LL BE HONEST

18   WITH YOU.  THE GREAT MAJORITY OF THE CHARGES THAT THE GRAND

19   JURY PASSES ON THAT ARE PRESENTED BY THE U.S. ATTORNEY'S

20   OFFICE DO GO FORWARD.  MOST OF THE TIME, THE GRAND JURY PUTS

21   ITS SEAL OF APPROVAL ON THE INITIAL DECISION MADE BY THE U.S.

22   ATTORNEY.

23         OBVIOUSLY, I WOULD SCREEN SOMEBODY OUT WHO SAYS, "I

24   DON'T CARE ABOUT THE EVIDENCE.  I'M NOT GOING TO PAY ATTENTION

25   TO THE EVIDENCE.  IF THE U.S. ATTORNEY SAYS IT'S GOOD, I'M

40

1    GOING TO GO WITH THAT."  IT DIDN'T SOUND LIKE THAT'S WHAT YOU
2    WERE SAYING.  YOU WERE SAYING YOU GIVE A PRESUMPTION OF GOOD
3    FAITH TO THE U.S. ATTORNEY AND ASSUME, QUITE LOGICALLY, THAT
4    THEY'RE NOT ABOUT THE BUSINESS OF TRYING TO INDICT INNOCENT
5    PEOPLE OR PEOPLE THAT THEY BELIEVE TO BE INNOCENT OR THE
6    EVIDENCE DOESN'T SUBSTANTIATE THE CHARGES AGAINST.  THAT'S
7    WELL AND GOOD.

8          YOU MUST UNDERSTAND THAT AS A MEMBER OF THE GRAND
9    JURY, YOU'RE THE ULTIMATE ARBITER.  THEY DON'T HAVE THE
10   AUTHORITY TO HAVE A CASE GO FORWARD WITHOUT YOU AND FELLOW
11   GRAND JURORS' APPROVAL.  I WOULD WANT YOU NOT TO JUST
12   AUTOMATICALLY DEFER TO THEM OR SURRENDER THE FUNCTION AND
13   GIVER THE INDICTMENT DECISION TO THE U.S. ATTORNEY.  YOU HAVE
14   TO MAKE THAT INDEPENDENTLY.

15         YOU'RE WILLING TO DO THAT IF YOU'RE RETAINED HERE?
16         PROSPECTIVE JUROR:  I'M NOT A PERSON THAT THINKS OF
17   ANYBODY IN THE BACK OF A POLICE CAR AS NECESSARILY GUILTY, AND
18   I WOULD DO MY BEST TO GO AHEAD AND BE OBJECTIVE.  BUT AGAIN,
19   JUST IN THE NAME OF FULL DISCLOSURE, I FELT LIKE I SHOULD LET
20   YOU KNOW THAT I HAVE A VERY STRONG PRESUMPTION WITH RESPECT TO
21   ANY DEFENDANT THAT WOULD BE BROUGHT IN FRONT OF US.

22         THE COURT:  I UNDERSTAND WHAT YOU'RE SAYING.  LET ME
23   TELL YOU THE PROCESS WILL WORK MECHANICALLY.  THEY'RE GOING TO
24   CALL WITNESSES.  AND WHAT THEY'RE GOING TO ASK YOU TO DO IS
25   EVALUATE THE TESTIMONY YOU HEAR FROM WITNESSES.

41

1    BEFORE YOU REACH A POINT WHERE YOU VOTE ON ANY

2    INDICTMENT, THE U.S. ATTORNEY AND THE STENOGRAPHER LEAVE.  THE

3    ONLY PEOPLE LEFT WHEN THE VOTE IS TAKEN ARE THE GRAND JURORS

4    THEMSELVES.  THAT'S THE WAY THE PROCESS IS GOING TO WORK.

5    YOU'RE GOING TO HAVE TO SAY EITHER "WELL, IT HAS THE

6    RING OF TRUTH TO ME, AND I THINK IT HAPPENED THE WAY IT'S

7    BEING SUGGESTED HERE.  AT LEAST I'M CONVINCED ENOUGH TO LET

8    THE CASE GO FORWARD" OR "THINGS JUST DON'T HAPPEN LIKE THAT IN

9    MY EXPERIENCE, AND I THINK THIS SOUNDS CRAZY TO ME.  I WANT

10   EITHER MORE EVIDENCE OR I'M NOT CONVINCED BY WHAT'S BEEN

11   PRESENTED AND I'M NOT GOING TO LET IT GO FORWARD."

12   CAN YOU MAKE AN OBJECTIVE ON FACTS LIKE THE ONES

13   I'VE JUST DESCRIBED?

14   PROSPECTIVE JUROR:  I WOULD DO MY BEST TO DO THAT.

15   I CERTAINLY WOULD WANT ME SITTING ON A GRAND JURY IF I WERE A

16   DEFENDANT COMING BEFORE THIS GRAND JURY.  HAVING SAID THAT, I

17   WOULD DO MY BEST.  I HAVE TO ADMIT TO A STRONG BIAS IN FAVOR

18   OF THE U.S. ATTORNEY THAT I'M NOT SURE I COULD OVERCOME.

19   THE COURT:  ALL I'M TRYING TO GET AT IS WHETHER

20   YOU'RE GOING TO AUTOMATICALLY VOTE TO INDICT IRRESPECTIVE OF

21   THE FACTS.

22   A FEW YEARS AGO, I IMPANELED A FELLOW HERE THAT WAS

23   A SERGEANT ON THE SHERIFF'S DEPARTMENT.  AND YEARS AGO WHEN I

24   WAS A PROSECUTOR, I WORKED WITH HIM.  HE WAS ALL ABOUT

25   ARRESTING AND PROSECUTING PEOPLE.  BUT WHEN HE GOT HERE, HE

COMPUTER-AIDED TRANSCRIPTION

42

1  SAID, "LOOK, I UNDERSTAND THAT THIS IS A DIFFERENT FUNCTION.

2  I CAN PERFORM THAT FUNCTION." HE SERVED FAITHFULLY AND WELL

3  FOR A NUMBER OF -- OVER A YEAR, I THINK. 18 MONTHS, MAYBE.

4  HE EVENTUALLY GOT A PROMOTION, SO WE RELIEVED HIM FROM THE

5  GRAND JURY SERVICE.

6          BUT, YOU KNOW, HE TOOK OFF ONE HAT AND ONE UNIFORM

7  AND PUT ON A DIFFERENT HAT ON THE DAYS HE REPORTED TO THE

8  GRAND JURY. HE WAS A POLICEMAN. HE'D BEEN INVOLVED IN

9  PROSECUTING CASES. BUT HE UNDERSTOOD THAT THE FUNCTION HE WAS

10 PERFORMING HERE WAS DIFFERENT, THAT IT REQUIRED HIM TO

11 INDEPENDENTLY AND OBJECTIVELY ANALYZE CASES AND ASSURED ME

12 THAT HE COULD DO THAT, THAT HE WOULD NOT AUTOMATICALLY VOTE TO

13 INDICT JUST BECAUSE THE U.S. ATTORNEY SAID SO.

14         AGAIN, I DON'T WANT TO PUT WORDS IN YOUR MOUTH. BUT

15 I DON'T HEAR YOU SAYING THAT THAT'S THE EXTREME POSITION THAT

16 YOU HAVE. I HEAR YOU SAYING INSTEAD THAT COMMON SENSE AND

17 YOUR EXPERIENCE TELLS YOU THE U.S. ATTORNEY'S NOT GOING TO

18 WASTE TIME ON CASES THAT LACK MERIT. THE CONSCIENTIOUS PEOPLE

19 WHO WORK FOR THE U.S. ATTORNEY'S OFFICE AREN'T GOING TO TRY TO

20 TRUMP UP PHONY CHARGES AGAINST PEOPLE.

21         MY ANECDOTAL EXPERIENCE SUPPORTS THAT, TOO. THAT

22 DOESN'T MEAN THAT EVERY CASE THAT COMES IN FRONT OF ME I SAY,

23 "WELL, THE U.S. ATTORNEY'S ON THIS. THE PERSON MUST BE

24 GUILTY." I CAN'T DO THAT. I LOOK AT THE CASES STAND-ALONE,

25 INDEPENDENT, AND I EVALUATE THE FACTS. I DO WHAT I'M CHARGED

43

1  WITH DOING, WHICH IS MAKING A DECISION BASED ON THE EVIDENCE
2  THAT'S PRESENTED.

3      SO THAT'S THE QUESTION I HAVE FOR YOU.  I CAN
4  UNDERSTAND THE DEFERENCE TO THE U.S. ATTORNEY.  AND FRANKLY, I
5  AGREE WITH THE THINGS THAT YOU'RE SAYING.  THEY MAKE SENSE TO
6  ME.  BUT AT THE END OF THE DAY, YOUR OBLIGATION IS STILL TO
7  LOOK AT THESE CASES INDEPENDENTLY AND FORM AN INDEPENDENT
8  CONSCIENTIOUS BUSINESS-LIKE JUDGMENT ON THE TWO QUESTIONS THAT
9  I'VE MENTIONED EARLIER:  DO I HAVE A REASONABLE BELIEF THAT A
10 CRIME WAS COMMITTED?  DO I HAVE A REASONABLE BELIEF THAT THE
11 PERSON TO BE CHARGED COMMITTED IT OR HELPED COMMIT IT?

12      CAN YOU DO THAT?

13      PROSPECTIVE JUROR:  AGAIN, I WOULD DO MY BEST TO DO
14 THAT.  BUT I DO BRING A VERY, VERY STRONG BIAS.  I BELIEVE
15 THAT, FOR EXAMPLE, THE U.S. ATTORNEY WOULD HAVE OTHER FACTS
16 THAT WOULD RISE TO LEVEL THAT THEY'D BE ABLE TO PRESENT TO US
17 THAT WOULD BEAR ON THE TRIAL.  I WOULD LOOK AT THE CASE AND
18 PRESUME AND BELIEVE THAT THERE ARE OTHER FACTS OUT THERE THAT
19 AREN'T PRESENTED TO US THAT WOULD ALSO BEAR ON TAKING THE CASE
20 TO TRIAL.  I'D HAVE A VERY DIFFICULT TIME.

21      THE COURT:  YOU WOULDN'T BE ABLE TO DO THAT.  WE
22 WOULDN'T WANT YOU TO SPECULATE THAT THERE'S OTHER FACTS THAT
23 HAVEN'T BEEN PRESENTED TO YOU.  YOU HAVE TO MAKE A DECISION
24 BASED ON WHAT'S BEEN PRESENTED.

25      BUT LOOK, I CAN TELL YOU I IMAGINE THERE'S PEOPLE IN

COMPUTER-AIDED TRANSCRIPTION

44

1  THE U.S. ATTORNEY'S OFFICE THAT DISAGREE WITH ONE ANOTHER

2  ABOUT THE MERITORIOUSNESS OF A CASE OR WHETHER A CASE CAN BE

3  WON AT A JURY TRIAL.

4      IS THAT RIGHT, MR. ROBINSON?

5      MR. ROBINSON:  ON OCCASION, YOUR HONOR.  NOT VERY

6  OFTEN.

7      THE COURT:  IT COMES UP EVEN IN AN OFFICE WITH

8  PEOPLE CHARGED WITH THE SAME FUNCTION.  I DON'T WANT TO BEAT

9  YOU UP ON THIS, ██████████  I'M EQUALLY CONCERNED WITH

10 SOMEBODY WHO WOULD SAY, "I'M GOING TO AUTOMATICALLY DROP THE

11 TRAP DOOR ON ANYBODY THE U.S ATTORNEY ASKS."  I WOULDN'T WANT

12 YOU TO DO THAT.  IF YOU THINK THERE'S A POSSIBILITY YOU'LL DO

13 THAT, THEN I'D BE INCLINED TO EXCUSE YOU.

14     PROSPECTIVE JUROR:  I THINK THAT THERE'S A

15 POSSIBILITY I WOULD BE INCLINED TO DO THAT.

16     THE COURT:  I'M GOING TO EXCUSE YOU, THEN.  THANK

17 YOU.  I APPRECIATE YOUR ANSWERS.

18

19

20

21

22

23  l

24

25