FILED

APR 2 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RRmore DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

[Magistrate Jan M. Adler]

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3405-W |
| | ) | 07MJ8976 |
| Plaintiff, | ) | |
| | ) | MATERIAL WITNESS |
| v. | ) | DEPOSITION ORDER |
| | ) | |
| Mario Raymond Fernandez (1), | ) | |
| Ernesto Flores-Blanco (2), | ) | |
| | ) | |
| Defendants. | ) | |

Upon motion of material witness Alejandro Portillo-Mendoza, by and through his counsel THOMAS G. GILMORE pursuant to Rule 30(b)(4), Federal Rules of Civil Procedure, for an order directing the taking of the oral deposition of Alejandro Portillo-Mendoza, a material witness, by means of videotape; and good cause for the issuance of the order having been shown; therefore,

IT IS HEREBY ORDERED that the deposition of Alejandro Portillo-Mendoza be taken by means of videotape recordings, subject to the following conditions:

1. Said material witness shall be deposed on _May 16_, 2008, at _10_ a.m. The deposition will be held at the U.S.

Attorney's office, located at 880 Front Street, San Diego, California.

2. All parties, meaning the United States and the defendants, shall attend the deposition. The arresting agency shall bring the material witness to the deposition and remain present during the proceeding. If the defendant is in custody, he shall be brought separately to the deposition and a marshal shall remain present during the entire proceeding.

3. The United States Attorney's Office shall provide a videotape operator and arrange for a court-certified interpreter to be present for the material witness, if necessary.

The cost of the interpreter for the material witness will be borne by the United States Attorney's office.

4. If the defendant needs an interpreter independent of the material witness interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The costs of a separate interpreter for the defendant shall be paid by the court.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The deposition shall be videotape recorded, meaning a magnetic tape that records sound as well as visual images. At the conclusion of the deposition on the record, the witnesses, or any party, may elect to have the witness review the videotaped record of the deposition to check for errors or omissions and to note any

changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed the by the witness(es) and delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The videotape operator shall select and supply all equipment required to videotape and audiotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel. The witness, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objections shall be considered by the Court in ruling on the admissibility of the video and/or audiotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

8. The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

9. Before examination of the witness, the Assistant United States Attorney shall state on the video/audio record his/her name; the date, time and place of the deposition; the name of the

witness(es) and the identity of the parties and the names of all persons present in the deposition room. The notary shall then swear the witness on the video record. Further, before the beginning of the examination each counsel shall identify himself/herself and his/her respective client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and ©) at the beginning of each new tape.

10. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape is stopped or started, the operator shall announce the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

11. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections at the appropriate time. The party raising the objection(s) shall be responsible for having a transcript prepared for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition

12. The party offering the deposition into evidence at trial shall provide the Court with a transcript of the portions so offered.

13. Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotape record.

14. At the conclusion of the deposition, any objection,

1  including the basis, to release of the material witness(es) from
2  custody shall be stated on the record.  If there is no objection,
3  the attorney for the material witness(es) shall immediately serve
4  all parties with a "Stipulation and Proposed Order for Release of
5  the Material Witness(es)" and submit the Order to the Clerk of
6  Court for the Judge's signature.   Prior to release from custody
7  the attorney for the Government shall serve the material
8  witness(es) with a subpoena for the trial date and a travel fund
9  advance letter.
10       15.  Upon request by either party, the videotape operator
11  shall provide a copy of the videotaped deposition to the requesting
12  party at the requesting party's expense.  After preparing the
13  requested copies, if any, the videotape operator shall deliver the
14  original videotape to the notary along with a certificate signed by
15  the videotape operator attesting that the videotape is an accurate
16  and complete record of the recorded deposition.
17       16.  The notary shall file the original videotape, along with
18  any exhibits offered during the deposition, with the Court in a
19  sealed envelope marked with the caption of the case, the name of
20  the witness and the date of the deposition.  To that envelope, the
21  videotape operator shall attach a sworn statement that the notary
22  shall attach the sworn statement that the videotape is an accurate
23  and complete record of the recorded deposition and a certification
24  that the witness was duly sworn by the officer.
25       17.  Unless waived by the parties, the notary must give prompt
26  notice to all parties of the filing of the video record of the
27  deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).
28       18.  If any party objects on the record to the release of the

material witness(es) from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers.</u> The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material witness(es), the material witness(es)' attorney shall immediately present the release order to the Court for signature an filing. Before release of the material witness(es) from custody, the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.

IT IS SO ORDERED.

DONE at San Diego, California this __22nd__ day of __April__, 2008.

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE